UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TERRY ALLEN PARKS | CIVIL ACTION |
| v. | NO. 16-15466 |
| TERREBONNE PARISH CONSOLIDATED GOVERNMENT, ET AL. | SECTION "F" |

ORDER AND REASONS

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date. No memoranda in opposition to the motions for entry of judgment under Rule 54(b) filed by Alere Toxicology Services, Inc. and by Terrebonne Parish Consolidated Government and Multi-Management Services, Inc., has been submitted.

Accordingly, because the motions are unopposed, and further, it appearing to the Court that the motions have merit,[1] IT IS

---

[1] The Court finds that its February 22, 2017 and March 17, 2017 Orders and Reasons should be certified as final judgments for the purposes of appeal pursuant to Rule 54(b) of the Federal Rules of Civil Procedure because the decisions are final with respect to the claims at issue and there is no just reason for delay. There is no just reason for delay because the Orders and Reasons resolved all claims against MMSI and Alere, as well as one distinct claim

1

ORDERED: that the motions for entry of judgment under Rule 54(b) are hereby GRANTED as unopposed. The Court's February 22, 2017 and March 17, 2017 Orders and Reasons are hereby certified as final judgments for purposes of appeal under Rule 54(b).

New Orleans, Louisiana, June 15, 2017

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

against TPCG; the plaintiff's Section 1983 claims based on an alleged Fourth Amendment violation due to drug testing policy and administration were dismissed as to each defendant. Only the plaintiff's Section 1983 claim based on TPCG's alleged Fourteenth Amendment violation bearing on the plaintiff's termination of employment without due process remains pending; that claim is sufficiently segregable from the Fourth Amendment based claims dismissed on February 22 and March 17, 2017. Judicial administrative interests and equities involved weigh in favor of certifying this Court's February 22, 2017 and March 17, 2017 Orders and Reasons as final judgments. The plaintiff advances no argument as to why certification should not issue.